IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SAMUEL E. THOMAS on behalf )
of DIANE L. THOMAS, deceased, )
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-14-040-JHP-KEW
　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

**REPORT AND RECOMMENDATION**

　　　Plaintiff Samuel E. Thomas on behalf of Diane L. Thomas, deceased (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

　　　Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 29, 1960 and was 49 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade with special education classes. Claimant has no past relevant work. Claimant alleges an inability to work beginning July 20, 2007 due to limitations resulting from

memory problems, feet and knee problems, hypertension, and mood disorder.

**Procedural History**

On July 20, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After two administrative hearings, Administrative Law Judge John W. Belcher ("ALJ") issued an unfavorable decision. After the Appeals Council refused to review the decision, Claimant appealed to this Court where the ALJ's decision was reversed and the matter was remanded for further proceedings by Order entered March 29, 2012.

After a supplemental hearing, the ALJ issued another unfavorable decision on June 14, 2013. On December 31, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of light work with limitations. Based upon a subsequent

application, the ALJ determined Claimant was disabled beginning July 1, 2010. Claimant died on July 2, 2011.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in improperly rejecting the opinion of a non-treating medical consultant.

**Consideration of a Medical Consultant's Opinion**

In his latest decision, the ALJ determined Claimant suffered from the severe impairments of degenerative joint disease of the left knee, status post healed fracture, affective mood disorder, mental retardation, anxiety-related disorder, alcohol dependency, plantar warts, multiple bilateral bunionectomies, and obesity. (Tr. 368). He concluded that Claimant would not meet a listing if she stopped substance use from the period of July 20, 2007 until July 1, 2010. (Tr. 374). If the substance abuse stopped, the ALJ found Claimant retained the RFC to perform less than a full range of light work in that she would be able to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, push and/or pull consistent with the lifting/carrying limitations, stand and/or walk 2 hours in an 8 hour workday at 30 minute intervals and sit 8 hours in an 8 hour workday, up to 7 hours at a time. Claimant was found to be able to occasionally climb stairs, balance, bend, stoop, kneel, crouch, and crawl, but would be unable to climb ladders,

5

ropes, and scaffolds. She would have to avoid "moderate" exposure to extreme cold/heat, wetness, humidity, fumes, odors, dusts, toxins, and gases, fast and dangerous machinery and driving, and would have to avoid all exposure to unprotected heights. Additionally, Claimant was found to be able to perform simple, repetitive tasks and have superficial contact with co-workers, supervisors, and the general public. (Tr. 376). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of sorter, mail clerk, and sewing machine operator which the expert testified existed in sufficient numbers in the regional and national economies. (Tr. 378-79). Claimant was found to have not been under a disability during the relevant period. (Tr. 379).

Claimant contends the ALJ failed to properly evaluate the opinion offered by Dr. John W. Hickman, a clinical psychologist. Dr. Hickman authored a Medical Source Statement on June 12, 2009 in which he found Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to sustain an ordinary routine without special supervision, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to respond appropriately to change in

the work setting. (Tr. 327-28). He also found Claimant was moderately limited in the areas of the ability to remember locations and work-like procedures, the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, the ability to work in coordination with or proximity to others without being distracted by them, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the ability to interact appropriately with the general public, and the ability to be aware of normal hazards and to take appropriate precautions. Id. In his statement, Dr. Hickman defined a "marked limitation" as one which "[s]eriously affects ability to perform basic work functions." He also defines "moderate limitation" as one which "[a]ffects but does not preclude ability to perform basic work functions." (Tr. 326).

The ALJ rejected some of Dr. Hickman's opinions by finding he did not provide evidence of retardation before age 22 in finding Claimant met Listing 12.05 and he did not adequately account for Claimant's substance abuse in his findings. (Tr. 373). The ALJ concludes that he "disagrees with Dr. Hickman's opinion dated June 10, 2009." Id. On the other hand, the ALJ appears to have

7

accounted for some of Dr. Hickman's marked restrictions in his RFC assessment, including superficial contact with co-workers, supervisors, and the general public and the ability to engage only in simple, repetitive tasks. He failed to include many other of Dr. Hickman's restrictions without adequately explanation. (Tr. 326-28; 375-76).

The ALJ is required to evaluate all medical opinions and if he chooses to reject a medical opinion, he must "provide specific, legitimate reasons for rejecting it." Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003) quoting Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ's treatment of Dr. Hickman's opinions is similar to that which occurred in the case of Haga v. Astrue, 482 F.3d 1205, 1207 (10th Cir. 2007). The ALJ in Haga rejected some limitations found by the consultative examiner but included others. The court determined the ALJ should have explained why he rejected four areas of moderate restrictions while appearing to adopt others. As with other medical evidence, the ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). The same can be said with opinion evidence. Haga, 482 F.3d at 1208. On remand, the ALJ shall re-evaluate his assessment of Dr. Hickman's opinions on

limitations and provide an explanation for the rejection of some of his findings and acceptance of others.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of January, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE